```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SURGICORE OF JERSEY CITY,                       :
                                                :
                        Plaintiff,              :
                                                :   **MEMORANDUM DECISION AND**
            -against-                           :   **ORDER**
                                                :
ANTHEM LIFE & DISABILITY                        :   19-cv-3482 (BMC)
INSURANCE COMPANY,                              :
                                                :
                        Defendant.              :
                                                :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff initially brought this action in state court. The claims in the complaint are entirely based on state law. Defendant, however, contended that plaintiff's state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, and removed this case to this court. Defendant has moved to dismiss the complaint, and plaintiff has moved to remand this case back to state court. For the reasons stated below, plaintiff's motion to remand is granted, and defendant's motion to dismiss is denied as moot.

## BACKGROUND

Plaintiff brought a complaint against defendant in the Supreme Court of New York, Queens County. Plaintiff is a health care provider that provided medical treatment to Jose Tineo, who participates in a health benefits plan that defendant issued. According to the complaint, the plan prohibits the assignment of benefits "and/or" the transfer of rights. Nonetheless, Tineo authorized defendant to pay benefits directly to plaintiff.

Plaintiff then filed a claim for reimbursement to defendant. Plaintiff's personnel filled out a form to submit the claim and answered "Yes" to "Accept Assignment?" Plaintiff claims

that defendant knew or should have known that, by answering "Yes" on this form, plaintiff was instructing defendant to directly pay plaintiff. Nonetheless, defendant never told plaintiff that plaintiff failed to properly submit this claim.

Defendant then underpaid plaintiff. Plaintiff brought claims for equitable estoppel, breach of an implied contract, "promissory contract," and under the Prompt Pay Law. Defendant removed this action to federal court and claimed that ERISA completely preempts plaintiff's claims.

Once in federal court, defendant moved to dismiss this action and plaintiff moved to remand this case back to state court. In connection with its briefing in support of its motion to dismiss, defendant provided the plan at issue here. The plan includes the following anti-assignment provision:

> **Assignment.** You cannot assign any benefits under this Certificate or legal claims based on a denial of benefits to any person, corporation, or other organization. You cannot assign any monies due under this Certificate to any person, corporation or other organization unless it is an assignment to Your Provider for a surprise bill. See the How Your Coverage Works section of this Certificate for more information about surprise bills. Any assignment of benefits or legal claims based on a denial of benefits by You other than for monies due for a surprise bill will be void. Assignment means the transfer to another person or to an organization of Your right to the services provided under this Certificate or Your right to collect money from Us for those services. Nothing is this paragraph shall affect Your right to appoint a designee or representative as otherwise permitted by applicable law.

**DISCUSSION**

"[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court … ." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "All doubts about jurisdiction should be resolved in favor of remand to state court." Macro v. Indep. Health Ass'n, Inc., 180 F. Supp. 2d 427, 431 (W.D.N.Y. 2001). "On a motion to remand for lack of subject

2

matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand … ." Romero v. DHL Express (U.S.A), Inc., 15-cv-4844, 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016).

An action that is completely preempted by ERISA is removable to federal court as an action arising under federal law. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987); Wurtz v. Rawlings Co., LLC, 761 F.3d 232, 238 (2d Cir. 2014). "Specifically, claims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 328 (2d Cir. 2011) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 214 (2004)).

"The test is conjunctive; a state-law cause of action is preempted only if both prongs of the test are satisfied." Montefiore Med. Ctr., 642 F.3d at 328. A plaintiff without standing fails the first prong of this test. Id. at 329.

Further, "absent a valid assignment of a claim, non-enumerated parties lack statutory standing to bring suit under ERISA even if they have a direct stake in the outcome of the litigation." McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141, 148 (2d Cir. 2017) (internal quotation marks and alterations omitted). An "assignment is ineffectual if the ERISA benefit plan contains an unambiguous anti-assignment provision." Id. (internal quotation mark and alterations omitted). Thus, a plaintiff lacks standing under ERISA if the plaintiff's claims arise from the assignment of benefits under a plan that prohibits the assignment of benefits. See id.

Defendant's basis for removing this case to federal court is that ERISA preempts plaintiff's claims. But to the extent plaintiff has any ERISA claims, they would arise from an assignment of benefits under a plan that contains an anti-assignment provision that prohibits this assignment. Thus, plaintiff lacks standing to bring ERISA claims, and ERISA does not preempt plaintiff's claims. As a result, there is no federal question here,[1] and plaintiff's motion to remand is granted.

Defendant's argument to the contrary is not persuasive. Defendant concedes that the plan at issue contains an anti-assignment provision and defendant provided the plan at issue, which contains the anti-assignment provision quoted above.[2] In its motion to dismiss briefing, defendant also contends that because of the anti-assignment provision, "[p]laintiff's purported assignment is invalid and [p]laintiff does not have standing to assert ERISA claims against" defendant.

However, in its opposition to plaintiff's motion to remand, defendant makes the opposite argument and claims that, according to the complaint, defendant waived the anti-assignment clause. Specifically, defendant notes that Tineo authorized defendant to pay plaintiff directly, and when plaintiff's personnel filled out a form to submit the claim, they answered "Yes" to "Accept Assignment?" At no point did defendant tell plaintiff that plaintiff could not submit this claim. However, defendant's failure to object to Tineo's attempted assignment does not constitute a waiver of the anti-assignment provision. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 585 (2d Cir. 2006) ("Because waiver of

---

[1] Nor is there a basis for diversity jurisdiction since plaintiff is only seeking $31,171.24, which is well below the required amount in controversy for diversity jurisdiction.

[2] Plaintiff denies that defendant can show that the document it provided is actually the plan at issue here. Even if the Court were to disregard the document that defendant provided, the Court would reach the same conclusion by relying on the complaint's allegation that the plan at issue contained an anti-assignment provision.

a contract right must be proved to be intentional … mere silence, oversight or thoughtlessness in failing to object to a breach of the contract will not support a finding of waiver.") (internal quotation marks omitted).

Defendant also notes that, according to the complaint, defendant issued a partial payment to plaintiff. This payment does not constitute a waiver either. "[A] simple reimbursement payment does not establish the prolonged course of dealing that would constitute such a waiver." Farkas v. UFCW Local 2013 Health & Welfare Fund, 17-cv-2598, 2018 WL 5862741, at *2 (E.D.N.Y. Sept. 12, 2018). "While some district courts in this Circuit have found that instances of payment did constitute waiver or estoppel, such payments were sustained over an extended period of time, and part of a payment pattern or practice," which the complaint does not allege here. Id. To hold otherwise would render the anti-assignment provision a nullity, since a single breach of this provision would be sufficient to render this provision waived. See Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992) ("Under New York law an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible.") (internal quotation marks and alterations omitted).[3]

## CONCLUSION

Plaintiff's [16] motion to remand this case to state court is granted and defendant's [10]

---

[3] Because the Court grants plaintiff's motion to remand on the ground that an anti-assignment provision prohibits the assignment of the claims at issue, the Court need not and does not reach plaintiff's alternative grounds for remanding this case.

5

motion to dismiss is denied as moot.  This action is remanded to the Supreme Court of New York, Queens County.

**SO ORDERED.**

                                                                                                   U.S.D.J.

Dated: Brooklyn, New York
       December 30, 2019