UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
SURGICORE OF JERSEY CITY,                          :
                                                   :
                              Plaintiff,           :     **MEMORANDUM DECISION
                                                   :     AND ORDER**
              - against -                          :
                                                   :     19-cv-3482 (BMC)
ANTHEM LIFE & DISABILITY                           :
INSURANCE COMPANY,                                 :
                                                   :
                              Defendant.           :
---------------------------------------------------------- X

**COGAN**, District Judge.

Presently before me is plaintiff's motion for reconsideration seeking costs, including

attorneys' fees, associated with its successful motion to remand the case back to state court.

Plaintiff initially brought this action in the Supreme Court of New York, Queens County.  The

claims in the complaint were entirely based on state law.  Defendant, however, contended that

plaintiff's claims were completely preempted by the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132, and timely removed the case to federal court.  Plaintiff then

moved to remand the case back to state court, asserting that it lacked standing to bring ERISA

claims and that ERISA did not preempt its claims.  Because plaintiff was correct, I granted its

motion.[1]

My order remanding the case, however, did not address whether plaintiff was entitled to

reasonable attorneys' fees.  The motion for reconsideration is denied for two reasons: (1)

---

[1] <u>Surgicore of Jersey City v. Anthem Life & Disability Ins. Co.</u>, No. 19-cv-3482, 2020 WL 32447 (E.D.N.Y. Jan. 2, 2020).

although I ultimately rejected defendant's contention, defendant asserted a colorable basis for federal jurisdiction; and (2) in any event, because plaintiff's initial motion did not adequately brief the issue of costs and attorneys' fees, the issue was waived.[2]

## BACKGROUND

Plaintiff is a health care provider that provided medical treatment to a patient, who participated in a health benefits plan that defendant issued.  The plan included an anti-assignment provision prohibiting the assignment of benefits "and/or" the transfer of rights.  Nonetheless, the complaint alleged that the patient authorized defendant to pay benefits directly to plaintiff.

Plaintiff then filed a claim for reimbursement with defendant.  Plaintiff's employee filled out a form to submit the claim and answered "Yes" to "Accept Assignment?"  Plaintiff alleges that defendant knew or should have known that, by answering "Yes" on this form, plaintiff was instructing defendant to directly pay plaintiff.  Defendant's employee even promised plaintiff that it would reimburse plaintiff.  However, despite multiple communications between the parties, defendant never told plaintiff that it failed to properly submit this claim.

Defendant then underpaid plaintiff, who subsequently brought an action in state court for equitable estoppel, breach of an implied contract, "promissory contract," and under the Prompt Pay Law, N.Y. Ins. Law § 3224-a, to recover the remaining unpaid balance.  Defendant timely removed the action to federal court.

---

[2] Defendant contends that the Court lacks jurisdiction to award fees and costs or any other relief to plaintiff since I granted plaintiff's motion to remand the action back to state court.  This is wrong.  A federal district court retains jurisdiction to decide a motion for fees and costs under 28 U.S.C. § 1447(c) after remand.  See Bryant v. Britt, 420 F.3d 161, 162 (2d Cir. 2005); Calabro v. Aniqa Halal Live Poultry Corp., No. 09-cv-4859, at *3 n.4 (E.D.N.Y. Dec. 15, 2009).

Since the complaint suggested that defendant's partial payment to plaintiff constituted waiver of the anti-assignment clause, defendant's basis for removing the case to federal court was that ERISA preempted plaintiff's claims arising under state law.  In other words, relying on plaintiff's allegation in the complaint, among others, that its "right to payment has already been recognized by [defendant] because it issued a partial payment," defendant believed that plaintiff had standing to bring an ERISA claim.

Nevertheless, after plaintiff filed its motion to remand, I ultimately rejected defendant's contention because "a simple reimbursement payment does not establish the prolonged course of dealing that would constitute a waiver." Farkas v. UFCW Local 213 Health & Welfare Fund, No. 17-cv-2598, 2018 WL 5862741, at *2 (E.D.N.Y. Sept. 12, 2018).  Although there may be instances in which a defendant's intentional waiver could overcome a clear anti-assignment clause, thereby conferring standing upon a plaintiff to bring a claim under ERISA, see, e.g., Neuroaxis Neurosurgical Assocs., PC v. Cigna Healthcare of New York, Inc., No. 11-cv-8517, 2012 WL 4840807, at *3 (S.D.N.Y. Oct. 4, 2012); Biomed Pharm., Inc. v. Oxford Health Plans (NY), Inc., No. 10-cv-7427, 2011 WL 803097, at *5 (S.D.N.Y. Feb. 18, 2011), the facts here simply were insufficient to constitute a clear manifestation of the intent to relinquish a known right.  See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 584 (2d Cir. 2006).

I therefore held that defendant's single partial payment did not confer standing upon plaintiff to bring an ERISA claim.  As a result, there was no federal question, and I granted

plaintiff's motion to remand.[3]  Having prevailed, plaintiff now seeks to recoup costs and attorneys' fees arising from that dispositive motion practice.

## DISCUSSION

Section 1447(c) of the Judicial Code, 28 U.S.C. § 1447(c), provides that an order for remand "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  In Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), the Supreme Court held"absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Id. at 136.  Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed. Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 99 (2d Cir. 2011).

There is no objective unreasonableness here. I rejected defendant's contention that there was a valid waiver of the plan's anti-assignment clause, but the complaint could have been interpreted as one asserting an intentional waiver on defendant's part.  Specifically, the complaint alleged: (1) that the plan's participant authorized defendant to pay medical expenses to plaintiff; (2) that plaintiff had notified defendant that it had accepted an assignment; (3) that defendant's employee promised to pay plaintiff the maximum allowed rate; and (4) that defendant ultimately made a partial payment.  Simply because defendant did not prevail on the waiver issue does not necessarily equate to a determination that its position was unreasonable.

ERISA's preemption provision is a complicated area of law, often confounding both jurists and attorneys alike.  See Kollman v. Hewitt Assocs., LLC, 487 F.3d 139, 147 (3d Cir. 2007) ("It is no secret to judges and lawyers that the courts have struggled with the scope of

---

[3] Nor was there a basis for diversity jurisdiction since plaintiff was only seeking $31,171.24, well below the required amount in controversy requirement.  See 28 U.S.C. § 1332(a).

ERISA preemption.").  Based the allegations contained in the complaint and the fluid concept of waiver, defendant's act in removing the case to federal court was not unreasonable.  See Gutchess Lumber Co. v. Wieder, No. 13-cv-1013, 2013 WL 5346857, at *4 (N.D.N.Y. Sept. 23, 2013) (recognizing the "complicated nature of ERISA and, particularly, ERISA's preemption provisions" when denying the plaintiff's request for an award of attorney's fees for improper removal).  Consequently, the Court, in its discretion, denies the motion that defendant be directed to pay costs and fees.

In any event, plaintiff raised the issue regarding costs and attorneys' fees in a single sentence at the end of its initial motion to remand and did not even attempt to advance any reasoned argument.  It is well-settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived."  Tolbert v. Queens Coll., 242 F.3d 58, 72 (2d Cir. 2001); see also In re Lehman Bros. Inc., No. 11-cv-6052, 2015 WL 1822646, at *8 (S.D.N.Y. Apr. 22, 2015) (finding waiver when issue is not further developed beyond a single sentence in an opening brief).  Plaintiff thus waived this issue.

## CONCLUSION

Plaintiff's [26] motion for reconsideration is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 25, 2020